**Dan SHAH, Plaintiff–Appellant,**

v.

**CONSOLIDATED EDISON CORPO-
RATION OF NEW YORK, De-
fendant–Appellee.**

Nos. 04–4337–CV, 04–6727–
CV, 05–1118–CV.

United States Court of Appeals,
Second Circuit.

April 4, 2006.

Stephen T. Mitchell, New York, NY, for
Appellant.

Mary Schuette (Jeanmarie Schieler,
Geraldine R. Eure), New York, NY, for
Appellee, of counsel.

PRESENT: Hon. CHESTER J.
STRAUB, Hon. ROBERT D. SACK,
Circuit Judges, and Hon. DAVID G.
TRAGER, District Judge.*

* The Honorable David G. Trager, United States District Judge for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

◼ Plaintiff-appellant Dan Shah filed suit alleging that defendant-appellee Consolidated Edison Corp. of New York ("Con Ed") engaged in unlawful retaliatory conduct against him and subjected him to á hostile work environment in violation of 42 U.S.C. § 1981 and New York state and city law. Shah is appealing from a final judgment entered in the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*) and challenges the District Court's (1) grant of summary judgment in favor of defendant-appellant, (2) denial of certain discovery requests, and (3) denial of his motion for a preliminary injunction.[1] We assume the parties' familiarity with the facts, procedural history, and issues on appeal, and we affirm substantially for the reasons stated by the District Court.

First, with respect to the retaliation claim, the District Court concluded that no reasonable jury could find that Con Ed's reasons for taking any adverse actions against Shah were pretextual and in fact motivated, even in part, by retaliation. *See Holt v. KMI–Cont'l, Inc.*, 95 F.3d 123, 130 (2d Cir.1996) (explaining what plaintiff must demonstrate for retaliation claim); *see also Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir.2005) (explaining burden shifting framework for retaliation claims under Title VII); *Taitt v. Chemical Bank*, 849 F.2d 775, 777 (2d Cir.1988) (explaining that the framework for retaliation claims under Title VII and § 1981 is the same). We review the grant of summary judgment *de novo, see Jute,* 420 F.3d at 172, and agree with the District Court's conclusion.

◼ With regard to several of the alleged adverse employment actions taken against Shah, there is no evidence in the record that Shah's supervisors at the time knew that Shah previously had engaged in protected activity. Shah's protected activity consisted of being interviewed in conjunction with an anonymous complaint about discrimination made in June 2000 and giving deposition testimony in a co-employee's discrimination case in September 2003. Shah's participation in that case was revealed to Con Ed no earlier than August 2002. There is no evidence that the supervisors responsible for the adverse actions taken against Shah prior to September 2003 were aware that Shah had been interviewed by Con Ed or that he might testify in a discrimination case.

◼ Supervisors were aware of Shah's deposition testimony when, in April 2004, Shah was placed on "P.I.N. status," a warning of deficient performance that, if not corrected, may lead to termination. Even assuming, *arguendo*, that the placement on P.I.N. status—and resulting inability to obtain a pay raise—constituted an adverse employment action, we find no evidence that it was done in retaliation for Shah's deposition testimony. Under the circumstances of this case, the six-month interval between the testimony and alleged adverse action is too long to demonstrate

---

1. Shah filed a notice of appeal (docketed as No. 04–4337–cv) from the denial of his motion for preliminary injunction. While that appeal was pending, summary judgment was entered in favor of Con Ed. That original appeal was adjourned and is now consolidated with the current appeals.

Shah also questions in his Statement of Issues whether the District Court improperly denied a motion by Shah to amend his complaint to include claims under Title VII, but nowhere in Shah's appellate briefs does he elaborate on that issue. We thus deem that issue waived.

causation, and Shah has presented little more than speculation and conclusory allegations in support of his claim. Meanwhile, he is unable to rebut Con Ed's contention that the P.I.N. status simply reflected a continuation of negative assessments of Shah's performance that traced back to before his deposition testimony and before his supervisors were aware of any protected activity.

We further find, upon *de novo* review, that Shah presented insufficient evidence of racially hostile remarks that would rise to the level necessary to support a hostile work environment claim.

■ Finally, the District Court did not exceed its allowable discretion in denying certain discovery requests. *See Gualandi v. Adams,* 385 F.3d 236, 244–45 (2d Cir. 2004) (noting abuse of discretion standard). The District Court was entitled to find that some of the discovery requests were irrelevant to Shah's claim and others were overly broad.

We have considered the remainder of Shah's arguments on appeal and find them to be without merit.

For the foregoing reasons, the judgment of the District Court is AFFIRMED. The appeal from the denial of the preliminary injunction accordingly is DISMISSED as moot.